NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001282
23-DEC-2015
09:05 AM

NO. CAAP-14-0001282

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant, v.
HANS C. HUBER, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-13-00043)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from (1) the September 17, 2014 Order entered by the District Court of the Second Circuit, Wailuku Division (District Court)[1] granting Defendant-Appellee Hans C. Huber's (Huber) first motion to suppress (Motion to Suppress) and (2) the October 23, 2014 "Decision and Order Granting Defendant's First Motion to Suppress Filed January 14, 2014" that contained the District Court's findings of fact and conclusions of law. Huber's Motion to Suppress sought suppression of all evidence obtained as a result of Officer Carl Eguia's (Officer Eguia) traffic stop on the basis that the stop was unlawful.

On appeal, the State argues that the District Court erred in granting the Motion to Suppress where the traffic stop was lawful.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's points of error as follows.

---

[1]   The Honorable Adrianne N. Heely presided.

Huber's Motion to Suppress turned on whether Officer Eguia had reasonable suspicion to stop Huber's vehicle. It is well-established that a police officer has the authority to stop a vehicle based on an observed traffic violation. State v. Bonds, 59 Haw. 130, 135, 577 P.2d 781, 785 (1978).

> "In discharging their varied responsibilities for ensuring the public safety, law enforcement officials are necessarily brought into frequent contact with automobiles. Most of this contact is distinctly noncriminal in nature . . . . Automobiles, unlike homes, are subjected to pervasive and continuing governmental regulation and controls, including periodic inspection and licensing requirements. As an everyday occurrence, police stop and examine vehicles when license plates or inspection stickers have expired, or if other violations, such as exhaust fumes or excessive noise, are noted, or if headlights or other safety equipment are not in proper working order." South Dakota v. Opperman, 428 U.S. 364, 367-68, 96 S. Ct. 3092, 3095-3096, 49 L. Ed. 2d 1000 (1976).

Id. (internal block quotation format omitted). Thus, an officer's authority to stop an automobile is not limited to circumstances indicating criminal activity.

Officer Eguia testified that the reason he signaled Huber to stop his car was that Huber's tail lights were out. The District Court made no finding whether Officer Eguia had reason to believe a traffic violation had been committed, which was a necessary prerequisite to its decision regarding the legality of the stop.

Therefore, IT IS HEREBY ORDERED that the September 17, 2014 Notice of Entry of Judgment and/or Order and Plea/Judgment, and the October 23, 2014 "Decision and Order Granting Defendant's First Motion to Suppress Filed January 14, 2014" in the District Court of the Second Circuit, Wailuku Division are vacated and the case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, December 23, 2015.

On the briefs:

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

David A. Sereno,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2